**HENRY C. BECK COMPANY,**
Petitioner-Appellee,

v.

**COMMISSIONER OF INTERNAL REVENUE,** Respondent-Appellant.

No. 28533.

United States Court of Appeals,
Fifth Circuit.

Oct. 19, 1970.

---

**310**

Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Atty., Tax Division, U. S. Dept. of Justice, K. Martin Worthy, Chief Counsel, Richard P. Milloy, Atty., Internal Revenue Service, Gilbert E. Andrews, Stanley L. Ruby, Attys., Tax Div., U. S. Dept. of Justice, Washington, D. C., for appellant.

Sam G. Winstead, Jack Pew, Jr., William D. Jordan, Dallas, Tex., for appellee.

Before GODBOLD, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

The Commissioner of Internal Revenue appeals from a decision of the Tax Court, which held that a distribution of funds by a corporation wholly-owned by appellee, Henry C. Beck Company (Beck) and its joint venturer, Utah Construction and Mining Co. (Utah), was a dividend paid from the earnings and profits of the subsidiary within the meaning of Sections 301 and 316, I.R.C. 1954, thereby qualifying as a dividend received by a corporation under Section 243, I.R.C.1954, and did not represent income received from a collapsible corporation under Section 341, I.R.C.1954.

The subsidiary, Ridgeview Management Company (Management) was organized to construct an F.H.A.-insured housing project in Davenport, Iowa, for its two wholly-owned subsidiaries, Ridgeview Homes, Inc. (Homes), and Ridgeview Development Co., Inc. (Development), and to manage the project after its completion. Homes and Development were organized to own the housing units and to borrow the money to construct them. Pursuant to this setup, Management completed construction of the houses in January 1954.

From the consolidated income tax return for February 28, 1954, filed by Management, Homes and Development, Management showed a receipt of $5,323,-422.31 from its construction contracts with Homes and Development, a construction cost to Management of $4,258,-109.22, and an excess of $1,065,313.09 of receipts over cost. Management treated this excess as an intercompany profit and, in accordance with income tax regulations governing the filing of consolidated income tax returns, eliminated it from taxable income and from the basis of the property. Treas.Regs. 1.1502–31A(b) (1) and 1.1502–38A(b) (1954).

Over a year and a half later, Management declared and paid out of the above profit, a dividend of $500,000.00, paying Beck and Utah $250,000.00 each as owners of 50% each of the outstanding stock of Management.

The decision of the Tax Court turned on its holding that although the intercompany construction profit earned by Management was eliminated on the consolidated return and therefore not recognized as taxable income, it properly became a part of Management's earnings and profits on receipt in 1954, and thus the distribution made out of such profit in 1955 was a dividend to appellee Beck.

We have carefully read and analyzed the majority and minority opinions of

the Tax Court and agree with the result reached by the majority. Error is not demonstrated to us in either its findings of fact or the conclusions reached thereon. Henry C. Beck Company v. C.I.R., 52 T.C. 1.

Affirmed.